In re REPUBLIC WESTERN INSUR-
ANCE CO. INSURANCE COV-
ERAGE LITIGATION

No. 1458.

Judicial Panel on Multidistrict Litigation.

June 17, 2002.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

### ORDER DENYING TRANSFER

WILLIAM TERRELL HODGES, Chairman.

This litigation consists of the six actions listed on the attached Schedule A and pending in two districts as follows: four actions in the District of Rhode Island and two actions in the District of Massachusetts. All actions could be said to arise, in various convoluted ways, out of a 1985 accident in which an individual was seriously injured after a rented truck ran into him at a construction site in Cranston, Rhode Island. Republic Western Insurance Co. (Republic), which is a plaintiff or defendant in five MDL–1458 actions, and Republic's claims affiliate, which is a defendant in the sixth, move, pursuant to 28 U.S.C. § 1407, for centralization in the District of Massachusetts. Opposed to transfer are all responding parties: i) the rented truck's driver (defendant in one Massachusetts action and plaintiff in two Rhode Island actions); ii) the accident victim and his wife and daughter (defendants in one Massachusetts action and in one Rhode Island action); iii) the accident victim's personal injury lawyer (plaintiff in one Rhode Island action); and iv) the former lawyer for Republic and the truck driver (and the lawyer's law firm) (defendants in two Rhode Island actions). If the Panel determines to order centralization, then all opponents to transfer support centralization before Judge Ronald Lagueux in the District of Rhode Island. If the Panel determines to centralize in Rhode Island and not Massachusetts, then the Section 1407 movants support assignment to Judge Joseph DiClerico (from the District of New Hampshire, who is presiding over one of the District of Rhode Island actions as a result of an intracircuit assignment made pursuant to 28 U.S.C. § 292).

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization at this time would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. There is a reasonable prospect that the multidistrict character of the actions here before us may be eliminated by district court action on motions presently pending in the District of Massachusetts for transfer of venue of the two Massachusetts actions to the District of Rhode Island pursuant to 28 U.S.C. § 1404(a). If the Section 1404 motions are granted, all the actions in this litigation will be in a single district for all purposes and not, as is the case with Section 1407 transfer, for pretrial purposes only. Since the result of any Section 1404 transfer would also eliminate any need for our action under Section 1407, the Panel has concluded to deny transfer under Section 1407 at this time.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the matters listed on Schedule A is denied without prejudice.

### SCHEDULE A

*MDL–1458—In re Republic Western Insurance Co. Insurance Coverage Litigation*

*District of Massachusetts*

*Republic Western Insurance Co. v. Joseph Fratus, et al.,* C.A. No. 4:01–11716
*Republic Western Insurance Co. v. Joseph Obert, Jr.,* C.A. No. 4:01–40125

*District of Rhode Island*

*Republic Western Insurance Co. v. Jeffrey C. Schreck, et al.,* C.A. No. 1:99–289
*Joseph Obert v. Joseph J. Fratus, et al.,* C.A. No. 1:01–324
*Fred T. Polacek v. Republic Western Insurance Co.,* C.A. No. 1:01–513

*Joseph Obert v. Republic Claims Service Co., et al.,* C.A. No. 1:01–596