### In re ATM INTERCHANGE FEE ANTITRUST LITIGATION

#### No. 1647.

Judicial Panel on Multidistrict Litigation.

Dec. 16, 2004.

(2001).

Before WM. TERRELL HODGES,* Chairman, JOHN F. KEENAN,* D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

## *ORDER DENYING TRANSFER*

D. LOWELL JENSEN, Acting Chairman.

This litigation consists of the three actions in the Northern District of California and two actions in the Central District of California as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in the two Central District of California actions for coordinated or consolidated pretrial proceedings of the actions in that district. Plaintiffs in the two actions originally filed in the Southern District of New York and subsequently transferred to the Northern District of California support the motion for transfer to the Central District of California. Plaintiff in the related Western District of Washing-ton action supports the motion for transfer but suggests the Western District of Washington as transferee district. Plaintiffs in the first action originally filed in the Northern District of California support the motion for transfer to the Central District of California, but would also support transfer to the Northern District of California or the Western District of Washington. Defendants[2] ask the Panel to deny the motion in light of their pending motions in the Central District of California actions, or, alternatively, should the Panel grant the motion over their objections, to choose the Northern District of California as the transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization at this time would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. The multidistrict character of the five actions embraced by the Section 1407 motion presently before us may be eliminated by district court action on defendants' motions pending in the Central District of California for transfer of venue of the two actions pending there to the Northern District of California pursuant to 28 U.S.C. § 1404(a). If the Section 1404

---

* Judges Hodges, Keenan, and Motz took no part in the decision of this matter. Additionally, in light of the fact that Judge Vratil and her daughter could be members of the putative class(es) in this litigation, each of them has filed with the Clerk of the Panel a formal renunciation of any claim that she might have as a putative class member, thereby removing any basis for a disqualification of Judge Vratil on that ground. Alternatively, to the extent that her disqualification should be determined for any reason to survive the renunciation, the Panel invokes the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation,* 170 F.Supp.2d 1356, 1357–58 (Jud.Pan.Mult.Lit.2001).

1. Two of the Northern District of California actions were originally filed in the Southern District of New York. Judge Miriam Goldman Cedarbaum transferred those two actions, pursuant to 28 U.S.C. § 1404(a), to the Northern District of California on October 8, 2004. Also, the parties have notified the Panel of two related actions pending, respectively, in the Northern District of California and the Western District of Washington.

2. Bank of America Corp.; Bank One Corp.; Bank One, N.A.; Citibank (West); Concord EFS, Inc.; First Data Corp.; JP Morgan Chase & Co.; Sun Trust Bank; Wachovia Corp.; Wachovia Bank, NA; Wells Fargo & Co.; Wells Fargo Bank, N.A.; and Servus Financial Corp.

motions are granted, all five of these actions will be in a single district for all purposes and not, as is the case with Section 1407 transfer, for pretrial purposes only. Inasmuch as 1407 transfer could become unnecessary, the Panel has concluded to deny transfer under Section 1407 at this time.[3] *See In re Republic Western Insurance Co. Insurance Coverage Litigation,* 206 F.Supp.2d 1364 (Jud.Pan. Mult.Lit.2002).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied without prejudice.

### SCHEDULE A

*MDL–1647—In re ATM Interchange Fee Antitrust Litigation*

*Central District of California*

*Melissa Griffin, et al. v. Concord EFS, Inc., et al.,* C.A. No. 2:04–5116

*Cecilia Salvador, et al. v. Concord EFS, Inc., et al.,* C.A. No. 2:04–6724

*Northern District of California*

*Pamela Brennan, et al. v. Concord EFS, Inc., et al.,* C.A. No. 3:04–2676

*Peter Sanchez v. Concord EFS, Inc., et al.,* C.A. No. 3:04–4574

*Deborah Fennern v. Concord EFS, Inc., et al.,* C.A. No. 3:04–4575

---

**3.** Defendants have filed a Section 1404 motion in the Western District of Washington  related action as well.