**In re: CARDINAL HEALTH, INC., CONTRACT LITIGATION**

**Ginmar Corporate Promotions, Inc., et al. v. Cardinal Health, Inc., N.D. Illinois, C.A. No. 1:08–4109**

**Cardinal Health, Inc. v. Ginmar Corporate Promotions, Inc., S.D. Ohio, C.A. No. 2:08–697.**

**MDL No. 1991.**

United States Judicial Panel on Multidistrict Litigation.

Dec. 3, 2008.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL,* DAVID R. HANSEN and W. ROYAL FURGESON, JR., Judges of the Panel.

**ORDER DENYING TRANSFER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel\*:** This litigation currently consists of two actions pending, respectively, in the Northern District of Illinois and the Southern District of Ohio. Before the Panel is a motion brought, pursuant to 28 U.S.C. § 1407, by Ginmar Corporate Promotions, Inc. (Gin-

mar) and Gina Cantave for coordinated or consolidated pretrial proceedings of these two actions in the Northern District of Illinois. Movants are plaintiffs in the Northern District of Illinois action, and movant Ginmar is also the defendant in the Southern District of Ohio action. Cardinal Health, Inc. (Cardinal Health), the plaintiff in the Southern District of Ohio action and the defendant in the Northern District of Illinois action, opposes the motion. In the alternative, Cardinal Health suggests centralization in the Southern District of Ohio in the event the Panel orders centralization over its objections. Movants, also in the alternative, propose separation and remand of their tort claims, under Section 1407, should the Panel order centralization in the Southern District of Ohio.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. In this docket encompassing only two actions pending in two districts, and a total of three parties, the proponents of centralization have failed to convince us that any common questions of fact between these actions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. Counsel in both actions can avail themselves of alternatives to transfer that may minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

Moreover, the multidistrict character of this litigation may be eliminated by district court action on a motion for reconsideration presently pending in the Northern District of Illinois. That court has already

---

* Judge Vratil took no part in the decision this matter.

granted Cardinal Health's motion for transfer of venue of the Northern District of Illinois action to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a). If the motion for reconsideration is denied, both actions in this litigation will be in a single district for all purposes, making transfer under Section 1407 unnecessary and further supporting denial of the motion for transfer before us. *See In re Republic Western Insurance Co. Insurance Coverage Litigation,* 206 F.Supp.2d 1364 (J.P.M.L.2002).

IT IS THEREFORE ORDERED that the motion for transfer, pursuant to 28 U.S.C. § 1407, is denied.