**In re: PORCINE CIRCOVIRUS (PCV) VACCINE PRODUCTS PATENT LITIGATION.**

**MDL No. 2095.**

United States Judicial Panel on Multidistrict Litigation.

Oct. 1, 2009.

As Corrected Oct. 5, 2009.

Before ROBERT L. MILLER, JR., Acting Chairman, JOHN G. HEYBURN II, Chairman *, KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR., Judges of the Panel.

### ORDER DENYING TRANSFER

ROBERT L. MILLER, JR., Acting Chairman.

**Before the entire Panel \*:** Boehringer Ingelheim Vetmedica, Inc. (Vetmedica) and Intervet Inc. (Intervet) have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of District of Columbia. This litigation currently consists of five actions: two actions in the Middle District of Georgia and one action each in the District of Connecticut, the District of Delaware, and the District of District of Columbia,[1] as listed on Schedule A.

Responding parties Merial Limited, Merial SAS, Protein Sciences Corp., and Wyeth all oppose centralization. If the Panel nevertheless orders centralization over their objections, then the Merial entities favor selection of the Middle District of Georgia as transferee district, while

---

* Judge Heyburn took no part in the disposition of this matter.

1. The Section 1407 motion, as filed, encompassed two additional actions that were then

pending in the District of District of Columbia. Both actions have since been concluded.

Wyeth favors selection of the District of Delaware.

On the basis of the papers filed and hearing session held, we will deny the Section 1407 motion. Of the five actions in this docket, only three involve the same patent—U.S. Patent No. 6,224,882 (the '882 patent). Two of those actions are pending in the Middle District of Georgia, and the other is pending in the District of Connecticut. Although these three actions unquestionably involve common factual and legal issues, a fully-briefed motion for transfer to the Middle District of Georgia, pursuant to 28 U.S.C. § 1404(a), is currently pending in the District of Connecticut action. There is thus a "reasonable prospect" that the District of Connecticut's resolution of that Section 1404 motion could eliminate the multidistrict character of the actions involving the '882 patent. *See In re Republic Western Insurance Co. Insurance Coverage Litigation,* 206 F.Supp.2d 1364, 1365 (J.P.M.L.2002). The Section 1404 motion, if granted, will collect all the '882 patent actions in a single district for all purposes and not, as is the case with centralization under Section 1407, for pretrial purposes only. *Id.* Since the result of Section 1404 transfer would also eliminate the need for our action under Section 1407, we will deny centralization as to the '882 patent actions at this time. *See id.*

With respect to the remaining two actions, Vetmedica and Intervet have failed to persuade us that centralization under Section 1407 would serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation at the present time. The '882 patent is not at issue in either action. The District of

District of Columbia action involves a patent related to a patent that was at issue in a recently-concluded action in the same district,[2] and thus, in our view, is better left in that district. The District of Delaware action is making steady progress, with document discovery set for completion by October 30, 2009. More importantly, that action involves four Wyeth patents that are not at issue in the other four actions,[3] and Wyeth, the plaintiff in the Delaware action, is not a party in any of those actions either.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the motion for centralization is denied.

## SCHEDULE A

**MDL No. 2095—IN RE: PORCINE CIRCOVIRUS (PCV) VACCINE PRODUCTS PATENT LITIGATION**

*District of Connecticut*

*Boehringer Ingelheim Vetmedica, Inc. v. Merial Ltd., et al.,* C.A. No. 3:09–212

*District of Delaware*

*Wyeth v. Intervet, Inc., et al.,* C.A. No. 1:09–161

*District of District of Columbia*

*Intervet, Inc. v. Merial Ltd., et al.,* C.A. No. 1:07–559

*Middle District of Georgia*

*Merial Ltd. v. Boehringer Ingelheim Vetmedica, Inc.,* C.A. No. 3:08–116

---

**2.** U.S. Patent No. 6,368,601 (the '601 patent) was at issue in the action that was recently concluded. U.S. Patent No. 7,192,594, which is at issue in the still-pending District of District of Columbia action, is a continuation-in-part of the '601 patent.

**3.** U.S. Patent Nos. 6,703,023, 7,223,407, 7,223,594, and 7,407,803.

*Merial Ltd. v. Intervet, Inc.,* C.A. No. 3:08-121